HENRY E. HUNT v. JOHN M. VAN BURG.

FILED DECEMBER 20, 1905. No. 13,987.

1. **Trial: STIPULATION: EVIDENCE.** Where a case is tried upon an agreed stipulation of facts and oral and written evidence, it is proper for the jury to consider all the evidence, even though part of it may be inconsistent with the statement of facts.

2. **Action: DEFENSE OF FRAUD: EVIDENCE.** In an action by a *bona fide* purchaser of a negotiable instrument for value before maturity, without notice, where the defense is fraud in the procurement of the paper, evidence of similar frauds committed by the agent of the payee about the same time is inadmissible. *Monitor Plow Works v. Born*, 33 Neb. 747.

Error to the district court for Lancaster county: Lincoln Frost, Judge. *Affirmed.*

*A. G. Greenlee,* for plaintiff in error.

*Billingsley & Greene, contra.*

Letton, C.

This was an action to recover upon a promissory note in the hands of an innocent purchaser for value before maturity. The defense was, in substance, that the obligation was executed under the following circumstances and was not enforceable.

In September, 1898, one Sullivan came to the residence of the defendant, who was a farmer residing near Panama, in Lancaster county, and claimed to be the agent of Pierce's Cooperative Medical Dispensary of Chicago; that the defendant made a contract with this medical dispensary to treat him for six months, or until completely cured, and that he was to pay nothing unless cured. Sullivan executed and delivered to the defendant a written contract to that effect, and informed the defendant that he wanted a duplicate of the contract. Sullivan then filled out what appeared to be a duplicate of this contract, and presented it to him for signature. He read over the paper, and it was an exact duplicate of the contract, and was not a promissory note; that, believing this, the defendant signed the paper, and that this was the only paper he signed; that he did not intend to execute, nor did he execute, a promissory note, but that he cannot tell the nature of the fraud or artifice which was practiced upon him. The case was tried upon oral evidence and upon an agreed stipulation of facts. The jury found for the plaintiff, and the defendant prosecutes error. Four errors are assigned in the brief: That the verdict is not supported by the evidence; that the court erred in refusing defendant's request for a peremptory instruction; that it erred in refusing an

23

instruction defining negligence, and erred in excluding from the jury a portion of the agreed statement of facts.

1. It is urged that there was error in leaving to the jury the question whether the defendant was negligent in signing his name as he did, because upon the stipulated facts they could not so find. Defendant concedes that the court correctly instructed the jury that the only question for them to consider was whether the defendant was negligent in affixing his signature to the note sued on, but it is argued that under the facts stipulated the defendant cleared himself from any charge of negligence. If the defendant had rested content with the evidence furnished by the agreed stipulation of facts, possibly there might be some ground for this argument, but the defendant himself went upon the stand and testified in relation to the transaction with Sullivan. It was shown that at a former trial he had testified to the placing of a revenue stamp upon the instrument, and that he canceled the same by writing his initials thereupon, while at this trial he first denied this, but upon cross-examination admitted that he did so. The original contract signed by Pierce's Cooperative Medical Dispensary was in evidence also, and so likewise was the instrument sued upon. The defendant's testimony as to his former evidence was contradicted by other witnesses. The jury had the right to consider and weigh the oral evidence of the witnesses, as well as the appearance of the written papers, in connection with the agreed stipulation of facts. Neither was entitled to precedence over the other. The whole question of the credibility and weight of the testimony was for the jury, and we are of the opinion that the evidence is sufficient to support the verdict. This disposes of the first and second errors complained of.

2. As to the third error assigned, the court in the second instruction gave upon its own motion the substance of the instruction requested and refused.

3. The next complaint is that the court erred in not admitting in evidence a part of the stipulation, which was

to the effect that Sullivan, as agent of the medical dispensary, had made agreements with other persons in the neighborhood in which the defendant lived, similar to the agreement with the defendant, and that he procured in a similar manner what appeared to be a duplicate of the contract to be signed by different persons, and that the papers thus signed afterwards appeared to be promissory notes. In cases of fraud, where intent is material, evidence of similar fraudulent acts has been admitted by some courts as tending to show the intention of the party charged with being the fraudulent actor. In this state, however, the tendency has been against the admission of such testimony. *Monitor Plow Works v. Born,* 33 Neb. 747, was an action upon a promissory note. The theory of the defense was that the note in suit was forged by C. Neidig, who was the payee and indorser of the note, and as tending to establish that fact, evidence was admitted to the effect that about the same time other notes in favor of Neidig had been repudiated and alleged to be forged by the apparent makers thereof. This was held to be error, the court saying:

"It is not at all certain that the notes referred to by the witness Stuart were forged, only that the purported makers claimed they did not sign them. But conceding that the notes mentioned by Stuart in his testimony were not genuine, the proof of such fact could not, in any manner, tend to show that Born's name to the note in controversy was forged by Neidig. In other words, it was not competent to prove that, at another time and place, Neidig had committed the crime of forgery. *Smith v. State,* 17 Neb. 358; *Cowan v. State,* 22 Neb. 519; *Berghoff v. State,* 25 Neb. 213."

This case was followed in *Johnson v. Gulick,* 46 Neb. 817, and in *Patterson v. First Nat. Bank,* 73 Neb. 384. The plaintiff in this case is a *bona fide* purchaser for value, before maturity, in the ordinary course of business, and testimony to show that Sullivan had procured similar instruments, in like manner, from other persons, would in

nowise throw any light upon the question of whether or not the defendant was guilty of negligence in signing the paper which was presented to him. This portion of the stipulation was properly excluded.

It is now urged by defendant that no evidence should have been received which tended to vary or contradict the agreed stipulation of facts, and therefore this court should consider the stipulated facts as absolutely true, and his attorney has furnished us with a brief and argument to the effect that evidence should not be received to contradict a stipulation. But the defendant's testimony was offered by himself, part of it over the objection of the plaintiff that it was covered by the pleadings and by the stipulation of facts, and it was evidently upon doubts raised by the examination and cross-examination of the defendant himself as to the truth of some of the evidence set forth in the stipulation that the jury found as they did. If the court erred, it did it at his instance and request, and against the protest of the opposite party. Having insisted upon introducing testimony, the defendant is in no position at this time to urge that the stipulation of facts alone should have been considered, or that the jury or this court should disregard all evidence except the facts recited therein. The case seems to have been fairly tried, and was submitted to the jury upon instructions not unfavorable to the defendant.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.