STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. NEBRASKA STATE SAVINGS BANK OF WAHOO, E. H. LUIKART, RECEIVER, APPELLEE: HANNAH FRANSON ET AL., INTERVENERS, APPELLANTS.

FILED MARCH 1, 1935.   No. 29068.

*Hendricks & Kokjer*, for appellants.

*F. C. Radke, Barlow Nye, W. A. Crossland* and *J. F. Berggren, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and LIVINGSTON, District Judge.

LIVINGSTON, District Judge.

The appellants here separately intervened in the lower court in the receivership proceedings prosecuted for the purpose of closing up the affairs of the Nebraska State Savings Bank of Wahoo, insolvent, each seeking to impress a constructive trust upon certain assets in the hands of the receiver. For the purpose of trial, the claims were consolidated and tried on the same evidence. The lower court found against the interveners and dismissed their petitions. From this judgment appeal was taken.

On April 14, 1925, August Christenson and wife executed a series of notes due May 1, 1930, secured by mortgages on subdivisions of a large tract of land in Saunders county. All these notes and mortgages named the insolvent savings bank as payee and mortgagee. It appears that these notes and mortgages were made on printed blanks, naming the bank as such. These investment papers were prepared in this form for the sole purpose of negotiation and sale to investors. The bank had extended no credit to the makers and had no pecuniary interest in the loans. One of these notes for $3,500, secured by a mortgage on an eighty-acre subdivision of said tract, was sold to the Bank of Yutan May 1, 1925, by F. J. Kirchman, president of the said defunct savings bank, and on November 21, 1925, he sold the same note and mortgage to the intervener, Hannah Franson. The note was indorsed in blank, such indorsement being in the name of the bank, by F. J. Kirchman, president, and a written assignment of the mortgage executed in the name of the bank by the said Kirchman, as president, delivered with the mortgage papers to the intervener Franson.

On August 4, 1925, the intervener Thorstenson purchased from the said Kirchman another one of said Christenson notes for $3,500, dated and maturing the same as the one sold to Mrs. Franson, and secured by a mortgage on another eighty-acre subdivision of the Christenson land. Transfer of papers was made in the same manner as the Franson transaction, except the indorsement on this note named Thorstenson as indorsee.

The defunct savings bank and the Saunders County National Bank transacted their business in separate parts of the same banking room and F. J. Kirchman was the president and active executive officer of each bank. Both banks became insolvent and went into the hands of separate receivers about the same time.

The defunct savings bank held a second mortgage on the entire tract of land owned by Christenson for $7,300. This mortgage was a lien second to both mortgages negotiated to the interveners.

Both interveners transacted their business in the purchase of said mortgages in the president's office of the Saunders County National Bank, with the said Kirchman who was president of both banking institutions, and both interveners were told that it was unnecessary to record the assignment of the mortgage, and each intervener left all papers in a private or special deposit box in the Saunders County National Bank.

About March 1, 1930, one Oberg purchased two hundred acres of the Christenson tract of land, which included the two eighty-acre tracts covered by the mortgages assigned to the interveners. The purchase price was $200 an acre, or $40,000. Payment was made by check for $19,827 on the Bank of Cedar Bluffs and three mortgages of $3,500 each and one for $2,500, and by giving credit for the balance on a debt owing from Christenson to the purchaser Oberg. These mortgages were made to the now defunct savings bank and by agreement between the vendor and purchaser were to be hypothecated with the purchaser's attorney who examined the title to be delivered to the said Kirchman upon his delivery to said attorney of releases of the Christenson mortgages. The check was deposited in the defunct savings bank to the credit of Christenson. The proceeds of this check seem to have been exhausted in payment of debts of Christenson, other than interveners' mortgages.

Kirchman, in order to facilitate the closing of this transaction, ignoring the unrecorded assignments to interveners of their mortgages in his custody in the Saunders County National Bank, executed, as president of the savings bank, a release of the mortgages assigned to the interveners and the second mortgage of the savings bank for $7,300 and delivered the same to Oberg's attorney and received from him two mortgages executed by Oberg, each for $3,500, and one for $2,500. The mortgages were disposed of by Kirchman. He had promised Mrs. Franson one of the $3,500 mortgages which was on a subdivision of said tract of land of a description different from the description of

the lands covered by the Christenson mortgage which she held. Instead of doing this, he sold this mortgage to the Oak Creek Valley Bank. Subsequently this mortgage was sold by this bank for full value to the Saunders County National Bank and thereafter sold by the Saunders County National Bank to the savings bank for full value.

Kirchman admitted these transactions but insisted that he had hoped by some change of fortune he would be able to secure this mortgage for Mrs. Franson, but the closing of the savings bank rendered this impossible. This mortgage is beyond cavil a part of the assets of the defunct savings bank. Each of the interveners received his or her Christenson mortgage from the receiver of the Saunders County National Bank.

The burden of proof rested on the interveners to prove that their mortgages or other mortgages or money received in their stead wrongfully entered into and became a part of the assets of the defunct savings bank and thereby augmented the assets of said savings bank. *State v. Farmers State Bank,* 121 Neb. 532; *Central Nat. Bank v. First Nat. Bank,* 115 Neb. 444, 472; *City of Lincoln v. Morrison,* 64 Neb. 822; *United States Nat. Bank v. D. W. Standrod & Co.,* 42 Idaho, 711; *Kent v. Kent,* 50 Utah, 48; *State v. Columbus State Bank,* 124 Neb. 231; *Morrison v. Lincoln Savings Bank & Safe Deposit Co.,* 57 Neb. 225; *State v. Nebraska State Savings Bank,* 127 Neb. 832.

At the beginning of the trial in the lower court, there was a stipulation placed in the record to the effect that the Christenson mortgage and note were purchased by the intervener, Mrs. Franson, from the savings bank and that she paid full value therefor to said savings bank. An analysis of all of the testimony of the witness F. J. Kirchman and of other witnesses offered by the interveners clearly contradicts the stipulation and impeaches it. Where there is a stipulation of fact and other evidence, it is proper to consider all the evidence, even though a part of the evidence adduced be inconsistent with the facts stipulated. *Hunt v. Van Burg,* 75 Neb. 304; 60 C. J. 84.

The interveners failed to sustain the burden of proof to establish the facts necessary to entitle them to a finding and judgment that their mortgages or their proceeds wrongfully entered into, and became a part of, the assets of the savings bank and that they augmented its assets, and wholly failed to trace the said mortgages or their proceeds in any form into the assets of said savings bank.

The finding and judgment of the lower court is fully supported by the record and should be, and is,

AFFIRMED.