GORMAN et al. v. WILSON.

*98 P. 2d 600.*

No. 28519.    Oct. 3, 1939.

Rehearing Denied Jan. 30, 1940.

M. L. Thompson and Roy Lowe, of Wewoka, and Bruce & Rowan, of Oklahoma City, for plaintiffs in error.

Thos. J. Horsley and Hicks Epton, of Wewoka, for defendant in error.

GIBSON, J. This is an action in ejectment and to quiet title.

Plaintiffs in error were the plaintiffs in one of two actions consolidated below wherein judgment was rendered for defendant in error in both actions after jury waived. The parties in error will be referred to as plaintiffs and defendant, respectively.

In their petition plaintiffs charge that they are the children or grandchildren of one J. A. Gorman, who died seized and possessed of an undivided one-half interest in the lands in question; that the said J. A. Gorman derived his title thereto by inheritance from his daughter, one Louisa Gorman, a Creek freedman, who died intestate leaving surviving as her only heirs at law her parents, the said J. A. Gorman and her mother, Amy Gorman; that the said J. A. Gorman died intestate leaving the plaintiffs and Amy Gorman as his only heirs.

The said Amy Gorman, as Amy Gorman Smith, joined by her husband, Bully Smith, instituted the other of the two actions above mentioned, claiming ownership in the premises on the theory that the former was the sole and only heir of Louisa Gorman, the allottee. Judgment was against them, and they have not appealed.

At the commencement of the trial the parties stipulated "that the land was allotted to Louisa Gorman and that she died unmarried and intestate, seized and possessed of the 160 acres of land, and that she left her mother, Amy Smith, and her father, J. A. Gorman, and that she died since statehood."

Amy Gorman Smith, without objection from plaintiffs, was permitted to give testimony contradicting a portion of the above stipulated facts. She testified that J. A. Gorman was not the father of Louisa Gorman but that the latter was her illegitimate child by another man.

The trial court found the facts to be as testified to by Amy Gorman Smith and rendered judgment for the defendant who had become the owner of the land by mesne conveyances from the said Amy Gorman Smith.

Plaintiffs charge that the court erred in rendering judgment against them based upon the sole and uncorroborated testimony of Amy Gorman Smith; and that said judgment is clearly against the weight of the evidence, the pleadings and the aforesaid stipulation.

Plaintiffs say the one and only issue at the trial was whether J. A. Gorman was the father of Louisa Gorman. Unless the court was bound by the aforesaid stipulation, the presence of conflicting evidence on that issue would require affirmance of the judgment. This is a law action for recovery of specific real estate, and is triable to a jury. Sec. 350, O. S. 1931, 12 Okla. Stat. Ann. § 556. Where jury is waived in such case, the rule of law with reference to the sufficiency of the evidence to support a verdict applies to the findings of the court. In Stevens v. Rogers, 180 Okla. 305, 68 P. 2d 821, we held:

"In an action where the parties are entitled to a trial by jury, and a jury is waived, and the cause is tried to the court, the findings of the court will be given the same weight and consideration as the verdict of the jury, and the judgment will not be disturbed on appeal if there is any evidence reasonably tending to support it."

There was conflicting evidence on the issue in question. Amy Gorman Smith testified that Louisa Gorman was her illegitimate child and that J. A. Gorman was not the father; the records of the Dawes Commission introduced in evidence indicated that J. A. Gorman was the father of Louisa. The testimony of the witness is ample to support the judgment. And the trial court cannot now be charged with error in receiving such

testimony. No objection was made to the reception thereof. Rogers v. Dickerson, 180 Okla. 595, 71 P. 2d 729.

The testimony of Amy Gorman was brought out by both parties. Plaintiffs elicited the same on cross-examination, and had made no objection when given on direct examination. By these acts the plaintiffs abrogated the stipulation, and defendant was not bound thereby. To produce evidence inconsistent with the agreed facts will waive the agreement. 60 C. J. 90, sec. 88. By the acts aforesaid plaintiffs ignored the stipulation, thus releasing defendant therefrom. See Lyon v. Robert Garrett Lumber Co. (Kan.) 92 P. 589. In that case it was held that "a stipulation of facts binds the parties, unless from the manner in which the cause was tried the stipulation was ignored."

In Hart v. Turner (Idaho) 226 P. 282, the rule is stated as follows:

"A stipulation of facts does not necessarily bind the parties as to conclusions of law embraced therein, nor as to the facts, when the party relying thereon introduces evidence inconsistent with the stipulation."

That is a correct expression of the law with relation to the agreed facts in such case, and is applied here.

Amy Gorman Smith and Bully Smith have filed their brief herein attacking the judgment and seeking reversal as to them. They filed a motion for new trial, but the record reveals no action thereon by the court. Though they are mentioned in the record as defendants in error, they are not made parties by the petition in error. And they have filed no cross-appeal. Therefore, so far as the judgment concerns Amy Gorman Smith and Bully Smith, there is nothing presented for review; they are not parties to this appeal nor are they necessary parties to the determination of the issues between the plaintiffs in error and the defendant in error Irwin L. Wilson.

The judgment is affirmed.

BAYLESS, C. J., and OSBORN, CORN, and DAVISON, JJ., concur.