(No. 7098. April 20, 1943.)

MAUDE HAHN, Respondent, v. NATIONAL CASUALTY COMPANY, a corporation, Appellant.

[136 Pac. (2d) 739.]

Milton E. Zener for appellant.

Donald R. Good for respondent.

GIVENS, J.—The stipulation of facts constituting the evidentiary record herein in substance recited that Archie Kennedy, as Kennedy and Company, soliciting agent for appellant, learning that Alta Jane Hahn, deceased, contemplated taking an automobile trip with her daughter (respondent) and husband, prevailed upon the three to purchase accident insurance policies in the respective amounts of $1,000, advising that upon the filling out and returning of the application and payment of the respective premiums of $7.50 deceased would be covered by such insurance for loss of life sustained as a non-fare-paying passenger due to injuries received while riding in an automobile. The application, containing this provision: "and I further agree that this application shall not be binding upon the company until accepted either by the secretary at the home office or by an agent duly authorized to issue policies", was signed November 21, 1939, and the premium was paid on that day.

November 22, deceased was injured while riding in an automobile on the trip and died November 29. Appellant "did not issue and place in force any *written* contract of insurance covering the loss of life of the said Alta Jane Hahn for bodily injuries sustained while a non-fare-paying passenger in a motor vehicle, for a period of one year from and after the 21st day of November, 1939." [Emphasis

mine.] "Neither Archie Kennedy, as an individual, nor Kennedy & Company, had any authority at any time, from the defendant, National Casualty Company, to issue policies, or any policy of insurance, or to make, or agree to make oral contracts of insurance, nor were they held out by the National Casualty Company as having any of such powers. That the said Archie A. Kennedy did solicit applications for casualty insurance to be issued by the National Casualty Company, for transmission of said applications to the National Casualty Company, or to an agent of said company having authority to issue policies, and did collect and remit premiums therefor, and did countersign policies of insurance based upon applications submitted by him to the National Casualty Company after such policies were issued by the National Casualty Company and returned to him to be countersigned and delivered; and did deliver to the insured such policies, and did return premiums collected thereon and did receive accident reports for transmission to the said National Casualty Company, in connection with claims made under such policies."

The premium paid for deceased was tendered back to her estate March 22, 1940. Demand for payment of the $1,000 being refused, respondent as beneficiary instituted suit herein September 29, 1941. Appellant resisted on the ground that Kennedy was an agent with only special and limited powers and was without authority to issue an oral contract of insurance.

The appeal is from the stipulation, adopted as findings, and the conclusion that Kennedy was authorized and empowered to make oral contracts of insurance, and judgment for $1,000 and costs accordingly.

Appellant erroneously states in its brief and takes the position "the application in this case specifically stated that insurance would not be effective until a policy was *issued.*" The application contains no such provision, the pertinent portion being as heretofore quoted that "this application shall not be binding upon the company until *accepted* either by the secretary at the home office *or by an agent duly authorized to issue policies.*" [Emphasis mine.] The acceptance of the application, not issuance of a policy, would, therefore, bind the company. (*Van Arsdale-Osborne Brokerage Co. v. Cooper,* 28 Okl. 598, 115 P. 779; *National Liberty Ins. Co. of America v. Milligan,* 10 F. (2d) 483; *Bankers Indemnity Ins. Co. v. Pinkerton,* 89 F. (2d) 194;

*United Burial & Ins. Co. v. Collier,* 24 Ala. App. 546, 139 So. 104; *McNabb v. Niagara Fire Ins. Co.,* 224 Mo. App. 396, 22 S. W. (2d) 364; *Hurd v. Maine Mut. Fire Ins. Co.,* (Maine) 27 A. (2d) 918; *Carlson v. Grimsrud,* 223 Wis. 561, 270 N. W. 50.)

The applicable rule of law herein is thus succinctly stated:

"As in the case of agencies in general, an insurance company is bound by all acts, contracts, or representations of its agent, whether general or special, which are within the scope of his real or apparent authority, notwithstanding they are in violation of private instructions or limitations upon his authority, of which the person dealing with him, acting in good faith, has neither actual nor constructive knowledge." (32 C.J., p. 1063, Sec. 140.)

*Amarillo Nat. Life Ins. Co. v. Brown,* Texas, 166 S. W. 658.

Mrs. Hahn definitely understood that at the time the application was signed and the premium paid the insurance would be effective. The premium was not returned until some four months thereafter. Such circumstances have been held to militate against appellant's contention it should not be bound. (*Preferred Acc. Ins. Co. v. Stone,* 61 Kan. 48, 58 P. 986; *McGhay v. Eaton,* 146 Kan. 686, 73 P. (2d) 15; *Kimbro v. New York Life Ins. Co.,* 134 Iowa 84, 108 N. W. 1025; *Amarillo Nat. Life. Ins. Co. v. Brown, supra.*) While return of the premium sooner, but after Mrs. Hahn's death, would not have availed her, its retention is indicative of appellant's acquiescent acceptance of the application. (*American Life Ins. Co. of Alabama v. Hutcheson,* 109 F. (2d) 424.)

The application contains this notation: "Policy No. A147274. Issued: 11/24/39." So far as the stipulation is concerned, the above entry as to number and issuance of policy is part and parcel thereof and is to be given full force and effect along with all other provisions of the stipulation.

"A stipulation of facts is not necessarily binding upon the parties as to conclusions of law embraced therein, nor when the party relying thereon introduces evidence inconsistent with the stipulation." (*Hart v. Turner,* 39 Ida. 50, at 58, 226 P. 282.)

(In re Davidson's Estate, 21 Cal. App. 118, 131 P. 67;

*Hunt v. Van Burg,* 75 Neb. 304, 106 N. W. 329; *State v. Nebraska State Sav. Bank,* 128 Neb. 479, 259 N. W. 46; *Gorman v. Wilson,* 186 Okl. 435, 98 P. (2d) 600.)

It is not shown when or by whom this notation was placed upon the application. The application, however, was in the possession of appellant or its agents at all times after it was signed and delivered by Mrs. Hahn in Kennedy's office on the 21st. Her death occurred upon the 29th. According to this notation the policy had then been issued five days, and it is for her death that recovery is sought—not the accident on the 22nd, though the death was the result thereof. It is true the stipulation recites that appellant did not issue and place in force *any written contract* of insurance. This does not negative in any way that the application had been accepted. Further, while it is stipulated Kennedy did not have the authority to issue a policy, the stipulation does not state that he did not have authority to bind the company to the effect that upon acceptance of the application the insurance should be immediately, or prior thereto, effective.

A reasonable inference and one which we are justified in drawing is that not only did Kennedy apparently have the authority to bind appellant but also that the matter had progressed sufficiently far, prior to Mrs. Hahn's death, to absolutely bind the company, i. e., that the issuance of a policy had at least been authorized. If appellant desired further explanation by way of avoidance of such conclusion, it was incumbent upon it to have made the same. (*Hunt v. Van Burg,* supra.)

Appellant urges that to sustain the judgment it is necessary that we find Kennedy was a general agent. It is not necessary to go so far or to hold that he had real authority to make an oral contract of insurance. Under the above pertinent law it is only necessary that he have apparent authority and that the insured have acted upon such apparent authority without notice to the contrary to insured's detriment.

Appellant contends that to give consideration to the statement at the time the application was made that insurance would be in force from then on violates the parol evidence rule in that all preceding oral statements are merged in the ultimate policy. Obviously, the argument falls of its own weight because we have no written policy here, hence, there is no indication that the oral statement was

in any way contrary to the policy. The oral statement was not in any way inconsistent with the terms of the application or that the application would be binding when approved by a qualified agent. There is nothing in the record to indicate that the policy if it had been issued could not have been dated back except the notation that it was dated on the 24th, thus being in effect five days before Mrs. Hahn died.

Obviously, at the time she left upon the trip, Mrs. Hahn was relying upon the apparent authority expressed to her that she was covered by this insurance. A reasonable inference from the stipulation is to the effect that approval had been given to the application. The acts, conduct, and circumstances may, and did herein, show such approval as to bind appellant. (*Axtell v. American Live Stock Ins. Co.*, 46 S. Dak. 498, 194 N. W. 652; *Douglass v. Mutual Ben. Health & Accident Ass'n*, 42 N. M. 190, 76 P. (2d) 453.)

The facts as disclosed by the stipulation herein are in the above particulars essentially different from the circumstances disclosed in *Basinsky v. National Casualty Co.*, 122 Wash. 1, 209 P. 1077, whereby that case, strongly relied upon by appellant, is readily distinguishable.

The judgment is affirmed. Costs to respondent.

Holden, C.J., Ailshie, Budge, and Dunlap, JJ., concur.