393 P.2d 31

Walter W. KERSHAW and Dorothy W. Kershaw, his wife, and Leslie Cox, an unmarried man, in their individual capacities and Dee Bar Land and Livestock Co., a co-partnership composed of Walter W. Kershaw and Dorothy W. Kershaw, his wife, and Leslie Cox, an unmarried man, as co-partners and Frederick H. Cox, Plaintiffs-Respondents,

v.

PIERCE CATTLE CO., a co-partnership, composed of Clifton C. Pierce and John K. Pierce, and Clifton C. Pierce and Eilien E. Pierce, his wife, and John K. Pierce and Mrs. John K. Pierce, his wife, as individuals, Defendants-Appellants.

No. 9430.

Supreme Court of Idaho.

June 11, 1964.

Baum, Peterson & Kugler, Pocatello, for respondents.

A. A. Merrill, Idaho Falls, for appellants.

TAYLOR, Justice.

Plaintiffs (respondents) brought this action on two counts to recover the value of hay and livestock handling facilities furnished to defendants (appellants).

Defendants admitted liability for hay furnished and filed a cross-complaint, containing three counts: to recover the value of hay furnished to plaintiffs; damages for breach of contract; and damages for wrongful attachment.

On June 12, 1962, at the time the cause was set for trial, in the presence of the district judge in chambers, the parties entered into a stipulation for the settlement and dismissal of the action. The stipulation as dictated to and transcribed by the court reporter was as follows:

"Mr. Peterson [of counsel for plaintiffs]: It is stipulated by and between

the parties that the defendants named in this action pay to the Dee Bar Land and Livestock Company the sum of $19,000. Payment of which constitutes a full and complete release of all claims or matters set forth or alleged in Plaintiffs' complaint, Counts both One and Two. Such sum of $19,000 to be paid upon Court order out of the funds held by the clerk of the district court of Bannock County. The said sum being on deposit with the clerk pursuant to stipulation of plaintiffs and defendants and pursuant to Court order.

"It is further agreed that in consideration of the payment of the above sum set forth in the settlement that the defendants do hereby dismiss their counterclaims or cross-complaints with prejudice; said cross-complaints or counterclaims filed in this action in three counts.

"It is further stipulated and agreed that in consideration of the settlement of this action and pursuant to this stipulation that the defendant Clifton C. Pierce and his wife Eilien E. Pierce will dismiss with prejudice forthwith that certain action pending in the Superior Court of the State of California for the County of Los Angeles, wherein Clifton C. Pierce and Eilien E. Pierce are plaintiffs and Walter W.

Kershaw and Dorothy W. Kershaw and Doe 1, Doe 2, Doe 3, Doe 4 and Doe 5 are defendants in such action; being Case No. 794289.

"It is further stipulated that the defendant Clifton C. Pierce and Eilien E. Pierce, his wife, will in addition to dismissing the last referred to action with prejudice will also forthwith release any and all garnishments and attachments of any kind issued pursuant to said suits or in any way connected therewith.

"Mr. Merrill [counsel for defendants]: It is further stipulated by and between the parties, and each and all of them, they do hereby forever release and discharge the defendants Clifton C. Pierce and his wife Eilien E. Pierce of and from all actions, causes of actions, debts, and any obligations of any kind which they might have from the beginning of the world to date hereof. It being the spirit of this stipulation that each of the parties, that is, the plaintiffs and the defendants have this day settled all of their affairs and obligations of any kind and character leaving nothing to be settled hereafter.

"Mr. Gustin [of counsel for plaintiffs]: This stipulation does not affect the responsibility or the obligations or

the rights of the respective parties in and to the property in or about San Diego, California, and more particularly the trust deed heretofore executed by Clifton C. Pierce and his wife in favor of Walter W. Kershaw and Dorothy W. Kershaw covering certain property in or about San Diego, California.

"Mr. Peterson: It is further understood and agreed that when the terms of this stipulation have been complied with including the delivery of the $19,000 on deposit with the clerk here and the dismissal with prejudice of the suit in the Superior Court of California referred to above and a dismissal of any and all garnishments or attachments and the production of evidence that said action has been dismissed with prejudice and all garnishments or attachments on this have been released that this action will also be dismissed with prejudice."

August 23, 1963, the cause was argued by the respective parties on plaintiffs' motion for the entry of judgment in accord with the stipulation. Thereafter, on September 23, 1963, the court entered its order of dismissal.

The order recites the terms of the stipulation; that its conditions had been complied with by the respective parties; and concludes:

"IT IS HEREBY ORDERED AND ADJUDGED that the aforesaid stipulation be and the same is hereby ratified, approved and confirmed, and pursuant thereto the within action and plaintiff's complaint and each and every count therein contained and defendants' answer, counterclaim and cross-complaint and each and every count contained therein be and the same are hereby dismissed with prejudice without the award of costs to any party, and without prejudice to the rights of plaintiffs, Walter W. Kershaw and Dorothy W. Kershaw, under and pursuant to the terms and conditions of said trust deed on real property situate in or about San Diego, California, and the promissory note secured thereby."

Defendants brought this appeal from the order, contending that the trial court "took into consideration matters outside the record and construed the stipulation of the parties contrary to its terms." In their brief they assert that the court was limited to the entry of an order dismissing the complaint and cross-complaint with prejudice. In this they are in error. By the express terms of the stipulation and as a part of the consideration therefor,

the defendants agreed to dismiss an action then pending in Los Angeles County, California, and to release all garnishments and attachments levied in that action. Thus, it became necessary for the trial court to require that such dismissal and releases be executed and delivered as a condition precedent to the dismissal of this action.

■ Defendants' counsel also injected into the stipulation a provision for discharge, in favor of his clients, of all obligations or claims which plaintiffs might have against them. This broad, all-inclusive release thus sought by defendants, made it necessary for plaintiffs' counsel to reserve the "responsibility or obligations or rights of the respective parties" in and to certain property in California, and particularly the trust deed theretofore executed by defendants Pierce and wife in favor of plaintiffs Kershaw and wife. While the order of dismissal does not follow the language of the stipulation, it does not go beyond the clearly expressed intention of the parties. The reservation in the order that it is made without prejudice to the rights of the plaintiffs, "under and pursuant to the terms and conditions of said trust deed on real property situated in or about San Diego County, California, and the promissory note secured thereby," is equivalent and parallel to the reservation made in the stipulation by Mr. Gustin. No

promissory note was referred to in the stipulation. However, the stipulation expressly reserved the "obligations" of the parties in relation to the trust deed. Hence, the "obligations" secured by the trust deed, whether evidenced by a note or otherwise, were clearly reserved by the stipulation.

Defendants in their brief state that the agreement to settle the litigation was entered into by "the parties and their attorneys" in the corridor of the courthouse immediately before the stipulation was dictated to the reporter in the judge's chambers. It thus appears that the parties themselves participated in the agreement. No question is raised as to the authority of counsel.

■ Stipulations for the settlement of litigation are regarded with favor by the courts, and will be enforced unless good cause to the contrary is shown. 83 C.J.S. Stipulations §§ 2, 31. The stipulation herein was fairly entered into and was supported by a valid consideration as to both parties. Since it provided not only for the settlement of the action then before the court, but also of another action pending between the same parties, either party was entitled to have it enforced by the court as a valid contract. Big Lost River Irrigation District v. Zollinger, 83 Idaho 401, 363 P.2d 706 (1961); Arnett v. Throop, 75 Idaho 331, 272 P.2d 308 (1954); Hahn

v. National Casualty Co., 64 Idaho 684, 136 P.2d 739 (1943); Eagle Rock Corp. v. Idamont Hotel Co., 60 Idaho 639, 95 P.2d 838 (1939); Pioneer Irr. Dist. v. American Ditch Assn., 50 Idaho 732, 1 P.2d 196 (1931); Stewart Wholesale Co. v. District Court, 41 Idaho 572, 240 P. 597 (1925); Andrews v. Moore, 14 Idaho 465, 94 P. 579 (1908); Johnson v. Peoples Finance & Thrift Co., 2 Utah 2d 246, 272 P.2d 171 (1954); Butler v. Smith's Transfer Corp. (W.Va.) 128 S.E.2d 32 (1962); 83 C.J.S. Stipulations §§ 1, 31; 50 Am.Jur., Stipulations §§ 9, 12.

In Roin v. Checker Taxi Co., 36 Ill.App. 2d 447, 184 N.E.2d 736 (1962), the Illinois court said defendants in that case could not challenge the stipulation there involved "on the basis of some mental reservation not expressed in the stipulation," and further:

"The policy of the courts is to enforce stipulations fairly made relating to the conduct of suits, unless good reason is shown to the contrary."

"The stipulation, which was signed by the parties as well as by their attorneys, must be construed according to the intention of the parties as expressed in the language used in the document itself, rather than according to the intention which may have existed in the mind of either of the parties." Foley v. Foley, 149 Conn. 469, 181 A.2d 607, at 608, 609 (1962).

In Washington Asphalt Co. v. Harold Kaeser Co., 51 Wash.2d 89, 316 P.2d 126, 69 A.L.R.2d 752, (1957) the Washington court considered a judgment entered upon stipulation, as a consent judgment, saying:

"A judgment by consent or stipulation of the parties is construed as a contract between them embodying the terms of the judgment. It excuses all prior errors and operates to end all controversy between the parties, within the scope of the judgment. In the absence of fraud, mistake, or want of jurisdiction, a judgment by consent will not be reviewed on appeal." 316 P.2d at 127.

The courts recognize that parties may make a stipulation to depend on the outcome of another action. North Side Canal Co. v. Idaho Farms Co., 60 Idaho 748, 96 P.2d 232 (1939); Washington Asphalt Co. v. Harold Kaeser Co., supra; 50 Am.Jur., Stipulations, § 18; 83 C.J.S. Stipulations § 19.

Judgment of dismissal affirmed.

Costs to respondents.

KNUDSON, C. J., and McQUADE, McFADDEN and SMITH, JJ., concur.