TEXAS PAC. COAL & OIL CO. et al. v.
BELCHER et al.   (No. 2266.)

(Court of Civil Appeals of Texas.   Amarillo.
Nov. 12, 1924.)

1. Appeal and error ⬡➾1010(1)—Findings of
fact supported by evidence not disturbed, if
they sustain conclusions.

Trial court's findings of fact sustained by
evidence cannot be disturbed, except in so far
as facts found do not sustain legal conclusions.

2. Principal and agent ⬡➾180—Notice to agent
acting personally and hostile to principal not
imputed to principal.

Notice to agent while acting in his own per-
sonal interest, which is hostile to that of prin-
cipal, or while agent is acting fraudulently for
benefit of third party, is not imputed to princi-
pal.

3. Principal and agent ⬡➾181—Fraud of agents
of oil company in securing deed in favor of
company's officer held not imputable to com-
pany.

Where agents of oil company while securing
oil and gas lease for company secured a
warranty deed from lessor in favor of officer of
company, conveying one-half of rentals, by
fraudulently representing that such deed con-
veyed only one-eighth of lessor's interests in
royalty, their knowledge cannot be imputed to
company.

4. Acknowledgment ⬡➾55(1) — Acknowledg-
ment may be attacked where it does not
speak truth and deed obtained by fraud.

Where acknowledgment to deed does not
speak truth, or deed was obtained by fraud,
purchaser being chargeable with notice of
fraud, acknowledgment may be attacked and
deed avoided.

Appeal from District Court, Hartley Coun-
ty; Reese Tatum, Judge.

Action by the Texas Pacific Coal & Oil
Company and others against T. E. Belcher
and wife, in which defendants filed cross-
action, making W. K. Gordon party defend-
ant. From judgment that plaintiff take noth-
ing as against defendants T. E. Belcher and
wife, and in favor of defendants T. E. Bel-
cher and wife against W. K. Gordon, plaintiff
and defendant W. K. Gordon appeal. Judg-
ment as to plaintiff's reversed and rendered
in favor of plaintiff, and reformed and re-
versed as between T. E. Belcher and wife
and W. K. Gordon.

John Hancock and Clarence Wightman,
both of Fort Worth, for appellant Texas
Pac. Coal & Oil Co.

Tom Collins, of Channing, and A. P. Young
and W. J. Oxford, both of Stephenville, for
appellant Gordon.

Lumpkin & Trulove, of Amarillo, for ap-
pellees.

RANDOLPH, J.   On October 22, 1919,
Belcher and wife executed and delivered to
the Texas Pacific Coal & Oil Company, plain-
tiff below, an oil and gas lease to 2,055.6
acres of land in Hartley county, Tex., for a
term of five years, the company agreeing to
pay therefor the sum of $1 per acre annual-
ly in advance.   On the same day Belcher and
wife also executed and delivered W. K. Gor-
don a general warranty deed, conveying to
said Gordon a one-sixteenth interest in and to
all the oil, gas, coal, and other minerals under
the said land so leased to the company.   This
deed contained the following provision, in
addition to the clause conveying the oil, gas,
coal, and other minerals, to wit:

"This conveyance is made, however, subject
to an oil and gas lease heretofore executed by
T. E. Belcher and his said wife to Texas Pa-
cific Coal & Oil Company, in which the lessors
let to the lessee named seven-eighths of the oil
and seven-eighths of the gas in, to, or under
said land, and retained for the lessor one-eighth
(⅛) of said oil and one-eighth of said gas, as
royalties.
"If said lease shall remain in full force and
effect, the intention of this conveyance is that
the grantee herein named shall be entitled to a
proportion of one-half of all the benefits and
royalties that would have accrued and become
due to the lessors named in said lease, but if
for any reason the said lease should become
forfeited then it is the intention of this instru-
ment to and we do hereby convey to the gran-
tee named herein the fee-simple title to a one-
half undivided interest in and to all of the oil,
gas and other minerals of whatsoever kind, in,
to or under the said lands above described.
And we also hereby convey to the vendee herein
named an undivided one-half of the annual
rentals to be paid to the vendors under the
terms of the said lease."

About one year after the execution and de-
livery of the above lease the company paid
to the Belchers the sum of $2,055.60, the an-
nual rental in advance for the year beginning
October 22, 1920.   Gordon then made his
claim to one-half of the amount so paid
Belcher, and the company thereupon paid to
Gordon the sum of $1,027.80, the amount
claimed by him as the alleged owner of the
rental due on the lease.   This suit was then
brought by the company against Belcher to
recover the amount so paid, alleging a mis-
take of fact in the payment of same to Bel-
cher.

Belcher answered, admitting the execution
and delivery of the deed to Gordon, alleging
he and his wife intended to convey to said
Gordon a one-sixteenth of the oil and gas
that might be produced thereafter by the
company, or under its direction, and express-
ly denied that he and his wife sold or trans-
ferred to said Gordon any part of the rental
due, and alleged facts showing fraud on the
part of the company's agents Tom Collins,
a real estate broker, and A. P. Young, an

attorney at law, in inducing them to execute and deliver the deed so as to include the conveyance of one-half the rentals thereafter to be paid by the company to W. K. Gordon, and by cross-action make Gordon a party defendant and pray for a reformation of the deed, and, in the event that the court should find that the company was without notice, or means of knowledge of the fraud and deceit of its said agents, they pray for judgment over against defendant Gordon by reason of such fraud on the part of his agents in the securing of said deed, making it to include the rentals.

Defendant Gordon denied generally and specially that A. P. Young was the attorney or agent of the company in obtaining the execution of the deed from Belcher and wife to him, and says that the company had no interest or concern whatever in said transaction; that, if a fraud was perpetrated upon defendant and his wife in connection with said deed and the execution of same, the company was not a party thereto, and had no notice or knowledge thereof, and that in the payment of the rentals expressly assigned by said deed to Gordon plaintiff acted in good faith upon the recitations contained in the deed in accordance with its legal effect without any notice of the alleged fraud, and the defendant is estopped to cancel or reform said deed in so far as the same assigns the rentals as against the plaintiff company.

The case was tried by the court without a jury, and judgment was rendered that the plaintiff take nothing by its suit as against defendant Belcher, and especially finding that each and all allegations in the defendants' first amended original answer are true, and that by reason thereof the royalty deed mentioned and described therein should be reformed, and judgment was so rendered reforming same so that the only interest therein conveyed is a one-sixteenth interest in and to the royalty, and eliminated the conveyance of the one-half of the rentals. From this judgment the plaintiff and the defendant Gordon have appealed.

[1] The finding of facts by the trial court in his finding made in the judgment, that all the material allegations contained in defendants' first amended original answer, though the evidence is conflicting, are sustained by the evidence, and we cannot disturb such finding, except in so far as the facts so found do not authorize or sustain his legal conclusion thereon.

Appellant company's appeal is based upon the error of the trial court in finding that the plaintiff had knowledge of the fraud perpetrated upon defendant Belcher and wife by the agents of plaintiff, because plaintiff had no actual knowledge of such fraud, and the knowledge obtained by two agents under the facts of the case would not be imputed to plaintiff.

The facts supporting the court's finding are these: That Tom Collins and A. P. Young were the agents of plaintiff and of defendant Gordon; that they induced the defendant to execute the deed with its conveyance of one-half the rentals by their representations that they were in a hurry; and that the deed so tendered only conveyed a one-half interest in the one-eighth royalty, thereby inducing the Belchers to sign the deed. The evidence also discloses that Collins and Young were the agents of Gordon in the purchase of the royalty, and were agents of the company in the leasing of the land. Gordon was the vice president and general manager of the plaintiff company. It was his custom, when the company secured an oil lease, to buy the royalty or an interest in the royalty, and, while he was not present personally he had authorized Collins and Young to represent him in the purchase of the interest in defendants' royalty.

The specific contention of appellant is that knowledge of the fraud of the agents committed by them as agents of Gordon in the matter of obtaining the deed from Belcher and wife to Gordon cannot be imputed to appellant in the action of said agents in the obtaining of the lease, because each transaction was independent of the other, and knowledge so obtained by such agents in the one transaction for one principal cannot be imputed to their other principal in their service in his behalf in the other transaction.

We realize that no rule can be universal in its application, and that each rule had its inception in the application of the law or equity to certain facts. In this case the agents of two parties were duly authorized by each party to do a certain specific thing, each of which is wholly independent of the other. The two transactions, viz., the leasing of the land for the company and the purchase of the royalty for Gordon, occurred almost simultaneously. Young and Collins secured a notary public, went out to Belcher's with the lease and deed prepared and ready for the signatures and acknowledgments of Belcher and wife. These instruments were presented to Belcher and wife, the lease first, and second the deed. As stated above, the whole transaction of securing the execution of the two instruments occurred almost simultaneously, and the whole transaction occupied a very few minutes constituting really one transaction. This being true, the agents, at the very time they were engaged in the transaction of securing the lease for their client, the company, had in their possession the deed which contained the rental clause, and which they knew they were going to present to Belcher and wife for execution; this knowledge resting in their minds at the very time of the exercise of their agency in securing the lease and relating to a matter

that entered into the lease contract, to wit, the provision with reference to the party to whom the lease money was to be paid.

Under these circumstances notice must be imputed to the company of the knowledge at that time possessed by its agents (Fletcher Cyclopedia Corporations, § 2222, p. 3446; 2 Mechem on Agency, § 1848, pp. 1430, 1431), unless another exception should defeat this holding, which we will now discuss.

[2] When notice is given to an agent while acting in his own personal interest, which is hostile to that of his principal, such notice is not imputed to the principal. Citizens' Nat. Bank v. Good Roads Gravel Co. (Tex. Civ. App.) 236 S. W. 153; Gunster v. Scranton, etc., 781 Pa. 327, 37 A. 550, 59 Am. St. Rep. 650. We see no reason for not holding also that the same rule would apply to an agent acting fraudulently for the benefit of a third party.

But the rule that notice to an agent, while actually acting for his principal, of facts affecting the character of the transaction is constructive notice to the principal does not apply when the agent is engaged in committing an independent fraudulent act, and thereby acquires the knowledge. The true reason given for this exception to the general rule is that an independent fraud committed by an agent on his own account is beyond the scope of his employment, and therefore knowledge of it, as matter of law, cannot be imputed to the principal. Allen v. South Boston Ry. Co., 150 Mass. 200, 22 N. E. 919, 5 L. R. A. 716, 15 Am. St. Rep. 185; Holmes v. Uvalde National Bank (Tex. Civ. App.) 222 S. W. 642 [writ denied].

[3] Being of the opinion, therefore, that the facts shown to be within the knowledge of Collins and Young were such that no presumption of the disclosure to the company can be indulged, because, if true, such facts show that they were engaged in an independent fraudulent act, and such knowledge possessed by them as agents cannot therefore be imputed to their principal, and we hold that the court erred in rendering judgment against the plaintiff company.

Appellant Gordon presents in his assignment of error No. 1 the alleged error on the part of the trial court in permitting Miss Burns to testify that as notary public she did not fully explain to Belcher and wife the contents of the instrument, and was permitted thereby to impeach her own certificate; and in assignment No. 2 he presents the error of the court that said notary was permitted to testify that she did not examine Mrs. Belcher privately and apart from her husband; and the assignment No. 3 raises the error that Mrs. Belcher and her husband were permitted to testify that such instrument was not explained to her, Mrs. Belcher, privately and apart from her husband; and fourth, in permitting Belcher and wife

to testify that prior to the execution of said deed Tom Collins did not say anything to him about the instrument conveying one-half the rentals, or that it conveyed anything except the one-half interest in the mineral rights.

[4] The defendant Belcher had expressly pleaded the fraud of such agents, and thereby that the deed was made to convey their rentals, when it was not the intention of the parties to so do. Where an acknowledgment does not speak the truth, or the deed was obtained by fraud, the purchaser being chargeable with notice of the fraud, the acknowledgment may be attacked and the deed avoided. Cole v. Bammel, 62 Tex. 108–112; Stallings v. Hullum, 79 Tex. 421, 15 S. W. 677; Davis v. Kennedy, 58 Tex. 515; Texas Land, etc., Co. v. Blalock, 76 Tex. 85, 13 S. W. 12.

The judgment of the trial court as to Texas Pacific Coal & Oil Company is reversed, and here rendered in favor of said company as against defendant Belcher for the said sum of $1,027.80, with 6 per cent. interest from the date of payment to Gordon, and all costs of court, and the judgment of the trial court is reformed as between defendant Belcher and defendant Gordon, and here rendered for said Belcher as against said Gordon for all sums of money which the said Belcher shall pay out under the judgment of this court in favor of the Texas Pacific Coal & Oil Company, and for the reformation of said deed as prayed for by defendant Belcher.