Golden T. THOMAS et al., Appellants,

v.

W. K. GORDON, Jr., Appellee.

No. 6546.

Court of Civil Appeals of Texas.
Amarillo.

Dec. 31, 1955.

James W. Witherspoon, John D. Aikin, Wayne E. Thomas and Earnest L. Langley, Hereford, for appellants.

Maurice Cheek, Fort Worth, Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellee.

MARTIN, Justice.

This is an appeal from a summary judgment granted on the pleadings filed in the cause. On October 22, 1919, appellants executed an oil and gas lease to Texas Pacific Coal and Oil Company for a five year primary term, and the "company agreeing to pay therefor the sum of $1 per acre annually in advance." This payment was treated by all parties as rental. On the same date, appellants executed and delivered to W. K. Gordon, Sr., the father of appellee, a warranty deed as to a mineral interest. Such lease and deed as executed and delivered by appellants, as owners of the land and minerals in issue, are asserted to be the same type instruments as discussed and ruled upon in the cause of Texas Pacific Coal & Oil Co. v. Belcher, Tex.Civ. App., 265 S.W. 1081. Therefore, such cause will be discussed in detail hereinafter as the ruling therein is conclusive of the cause asserted in appellants' pleadings.

An examination of the deed in the Belcher case, of the same type as here in issue,

reveals the following language defining the interest as conveyed in the deed:

"'* * * the grantee herein named shall be entitled to a proportion of one-half of all the benefits and royalties that would have accrued and become due to the lessors named in said lease * * *.'"

The "lease" refers to an oil and gas lease executed prior to the execution of the deed. The quoted provision is a conveyance of one-half the royalty. Other provisions of the deed will be discussed hereinafter wherein they pertain to the issue on appeal.

It is appellants' theory that they executed an oil and gas lease as set forth above and that the deed they also executed, above briefly outlined, was intended to be a royalty deed as to one-half the royalty but that due to the fraud of the agents of W. K. Gordon, Sr., they were induced to execute such conveyance which was of one-half the minerals under the lands. Appellants further plead that by reason of such fraud, and because of the facts hereinafter detailed, the appellee, W. K. Gordon, Jr., as the sole heir of W. K. Gordon, Sr., holds in trust for appellants the additional rights as between the mineral deed as allegedly executed and the royalty deed as would have been executed but for the fraud practiced upon them. In reply, appellees assert the suit is merely one to reform a deed and is barred by limitation, laches and other elements. Various points of error by appellants, and counterpoints by appellee, present issues as to the correctness of the summary judgment entered by the trial court wherein appellants took nothing by their cause of action.

The alleged controlling element of appellants' theory of a constructive trust is that at the time appellants executed the lease and the deed in issue here, one T. E. Belcher and wife executed a like lease and a like deed to that executed by appellants, and the deed was delivered to W. K. Gordon, Sr. Appellants further pleaded that upon discovery of the fraud of Gordon's agents in procuring a mineral deed, suit was filed by appellants, by T. E. Belcher and by other parties who had executed like instruments. It is further pleaded that appellants and the opposing parties to their suit agreed, by parol agreement, that the suit filed by T. E. Belcher would be tried and that appellants and the parties in their cause of action would abide by the final adjudication in the Belcher suit. Other litigants in a like position were alleged to have also agreed to abide by the final ruling in the Belcher suit. It is appellants' further theory that in the cause of Texas Pacific Coal & Oil Co. et al. v. Belcher, supra, the Court of Civil Appeals entered its judgment reforming the mineral deed by Belcher into a royalty deed and that under their parol agreement, entered into about 1921, appellants are now entitled to a judgment and like relief to that granted in the Belcher case. Appellants also plead in substance that they believed they had received the same relief as granted in the Belcher case until the year 1952 when they attempted to lease the lands for oil and found that no judgment of reformation had ever been entered and that appellee owned an interest of one-half the minerals under the lands.

It is apparent from appellants' pleadings that they must rely upon a parol agreement entered into during the year 1921 providing that all parties to the suit as to the minerals under appellants' lands would abide by the final judgment in the Belcher case disposing of a like issue. Since the case now on appeal was decided upon the pleadings, it will be assumed that the evidence as introduced would support the pleadings. Not a line of appellants' pleadings alleges any fraud or any type of statement being made by the appellee's predecessor in title, or by his agents to induce appellants to forego the enforcement of the alleged parol agreement following the final adjudication of the Belcher case on November 12, 1924. It will next be assumed that such parol agreement is not in contravention of the statute of frauds, or contrary to the rules of conveyancing. The cause as presented on appeal then resolves itself to the legal principle, under appellants' theory, as to whether appellants

could wait for a period of 33 years to enforce a parol agreement in the face of the statutes of limitation and without being guilty of laches. No citation of authority is required to sustain a ruling that appellants were guilty of laches and that a suit on their parol contract filed approximately 30 years after the asserted right of action accrued is barred by the statutes of limitation.

As viewed here, appellants' cause must fail on even more fundamental elements than outlined above. An examination of the cause of Texas Pacific Coal & Oil Co. v. Belcher, supra, discloses the non-existence of a cause of action under appellants' pleadings. The opinion of the Court of Civil Appeals in such cause recites in part as to the relief granted " * * * and for the reformation of said deed *as prayed for by defendant Belcher.*" In the light of this statement, the opinion should be examined to determine Belcher's rights as asserted by him in his pleadings in the cause on appeal as summarized by the Court:

"Belcher answered * * *, and expressly *denied* that *he* and his wife *sold* or *transferred* to said *Gordon any part of the rental due,* and alleged facts showing *fraud* on the part of the company's agents Tom Collins, a real estate broker, and A. P. Young, an attorney at law, *in inducing them to execute and deliver the deed so as to include the conveyance of one-half the rentals* thereafter *to be paid by the company to W. K. Gordon, * * *.*"

Appellants also made Gordon a party and their pleadings reveal:

" * * * they pray for judgment over against defendant Gordon *by reason of such fraud* on the part of his agents in the securing of said deed, *making it to include the rentals.*"

The above brief résumé of the pleadings of T. E. Belcher are conclusive as to the issue in the Belcher case but it is also noted in the opinion of the Court of Civil Appeals that W. K. Gordon, Sr., assigned

error of the trial court "in permitting Belcher and wife to testify that prior to the execution of said deed Tom Collins did not say anything to him about the instrument conveying *one-half the rentals, or that it conveyed anything except the one-half interest in the mineral rights.*" Further, as finally concluding any question as to the issue as determined in the cause, the Court of Civil Appeals summarized the issue of fraud before it, "The defendant Belcher had expressly pleaded the *fraud* of such agents, and *thereby* that *the deed was made to convey their rentals,* when it was not the intention of the parties to so do." Under appellants' pleadings, the Belcher case, and the final ruling therein, is controlling in this cause as the gist of appellants' pleadings is that they are now entitled to the same relief as granted to Belcher by the Court of Civil Appeals.

The above recitations should leave no element of doubt as to the issue in the cause or as to the final ruling in the Belcher case. Appellants plead, in substance, that their deed was a like deed to the deed as ruled on in the Belcher case therefore such deed will be examined in the light of the opinion of the Court of Civil Appeals. The deed in issue from T. E. Belcher and wife to W. K. Gordon, Sr. first recites that such conveyance is subject to the five year oil and gas lease from Belcher to Texas Pacific Coal & Oil Company. There was never any controversy as to this five year oil lease. The deed then recites:

" 'If said lease shall remain in full force and effect, the intention of this conveyance is that the *grantee* herein named shall be *entitled to* a proportion of *one-half* of *all* the benefits and *royalties* that would have accrued and become *due* to the *lessors named in said lease, * * *.*' "

It would be difficult to conceive the legal approach of the Court of Civil Appeals had it attempted, in its opinion, to reform this clause into a conveyance of royalty unless it merely struck out the word "benefits" which clearly had no reference to rentals

from the lease as this element was specifically covered in a separate clause. It is beyond dispute that such royalty clause was not in issue in the Belcher case. The final clause in the deed points up the sole issue in controversy in the Belcher case and the sole issue decided there.

> " 'And we also hereby convey to the vendee herein named an undivided one-half of the annual rentals to be paid to the vendors under the terms of the said lease.' "

This clause is evidently the one stricken from the deed by the Court of Civil Appeals and under such reformation Belcher received all rentals paid under the lease as clearly revealed by the opinion of the Court.

In the light of the above paragraph, appellants' pleadings reveal they likewise were paid all the yearly rentals due under the oil and gas lease executed to Texas Pacific Coal & Oil Company. Appellants' pleadings therefore reveal that all parties to the various suits actually did abide by the final ruling in the Belcher case. Further, the oil lease was executed on October 22, 1919 for a five year term ending in 1924. It appears to be more than a coincidence that the suit of appellants, and other like suits, were all dismissed in 1925. The parol agreement to abide by the Belcher case had been fully complied with on such date.

Another clause of the conveyance set forth in the Belcher case must be observed and will be quoted herein although it was never in issue in the Belcher case, was not pleaded by Belcher in his answer and was not discussed or ruled upon by the Court of Civil Appeals. However, this provision of the deed is material to a final disposition of the rights of the parties here under the issue raised as to whether appellants are entitled to have a reformation of an alleged mineral deed into a royalty deed. The deed in issue, after providing for payment to grantee of one-half the royalty during the term of the oil lease to Texas Pacific Coal & Oil Company, further provided:

> " '* * * but if for any reason the said lease should become forfeited then it is the intention of this instrument to and we do hereby convey to the grantee named herein the fee-simple title to a one-half undivided interest in and to all of the oil, gas and other minerals of whatsoever kind, in, to or under the said lands above described.' "

If this clause was in issue in the Belcher case or was considered by the parties or by either the trial court or the appellate court, it is not revealed by an examination of the opinion in the Belcher case. This clause vests one-half the minerals in W. K. Gordon, Sr. following the expiration of the oil lease executed to Texas Pacific Coal & Oil Company.

Whether the parol agreement to abide by the final ruling in the Belcher case is within the statute of frauds, violated the rules as to conveyancing or whether or not action thereon is barred by the laches of the appellants and also by the statutes of limitation is not material since the parol contract was fully executed more than thirty years ago as revealed by the pleadings of the appellant and the ruling in the Belcher case. The case now on appeal does not involve a constructive trust and under the terms of the conveyance as executed by appellants, upon termination of the oil lease to the Texas Pacific Coal & Oil Company, the appellants' conveyance was of:

> " '* * * the fee-simple title to a one-half undivided interest in and to all of the oil, gas and other minerals of whatsoever kind, in, to or under the said lands above described.' "

This clause has never been placed in litigation or questioned in any way and vested one-half the minerals in W. K. Gordon, Sr. who is the predecessor in title to appellee, W. K. Gordon, Jr.

All points of error are overruled and the summary judgment of the trial court is affirmed.