463 P.2d 799

**Frances O'HAIR, Plaintiff and Appellant,**

**v.**

**John S. KOUNALIS and George Kounalis, Defendants and Respondents.**

No. 11445.

Supreme Court of Utah.

Jan. 12, 1970.

K. Samuel King, Salt Lake City, for plaintiff-appellant.

James A. McIntosh, Salt Lake City, for defendants-respondents.

CALLISTER, Justice:

Plaintiff initiated this action to recover the unpaid portion of a series of loans she had made to defendants between October 30, 1962, and March of 1963. Defendants pleaded the four-year limitation of Sec. 78–12–25(1), U.C.A., 1953, as a bar, and Sec. 25–5–4(2), U.C.A., 1953, of the Statute of Frauds. Defendants, based upon the pleadings and depositions of the parties, moved for summary judgment, which the trial court granted on the ground that plaintiff's claim was barred by the statute of limitations.

On appeal, plaintiff contends that the trial court erred in granting summary judgment, because there was a genuine issue of fact as to when the limitation period began to run.

Plaintiff was orphaned at the age of 14, and her guardian employed a housekeeper, a Mrs. Leone Small, the mother-in-law of defendant, John Kounalis. Mrs. Small cared for plaintiff, until she attained her eighteenth birthday in January, 1962. Whereupon plaintiff received an inheritance of $11,000 and moved into an apartment next door to John's family. Mrs. Small went to live with John. John admitted that the Kounalis family was the closest thing plaintiff had to a real family after her mother's death. John had a younger brother, George, the other defendant, who also shared in this close relationship with plaintiff. George was accused of

certain transgressions of federal law during a visit to San Diego and incurred some substantial legal expenses. According to plaintiff, John asked her if he could borrow the money for George to pay his legal fees. Plaintiff wrote a check, dated October 30, 1962 for $1,032.25 with John as payee. The evidence indicates that this sum was expended to procure the release of George's car, which had been impounded in connection with the alleged crime. Plaintiff wrote a second check to John as payee, on January 15, 1963, for $1,500; this sum, in addition to certain cash advances, was for the payment of attorneys' fees which assertedly were $2,500 to $3,500. In March of 1963, plaintiff accompanied George to San Diego where she paid his fine of $100 to the Clerk of the Court. Plaintiff loaned a total amount of $3,632.25. Both brothers adamantly assert that the money was a gift and not a loan.

Plaintiff contends that she had an oral loan agreement with defendants and that the parties understood that it would be five years or so before she would be repaid. The evidence further reveals that John permitted her to charge groceries at his store in excess of $600 from September 1963 through January 1964. Plaintiff contends that the groceries constituted payments on the loan. John, although he concedes that he never attempted to collect for the groceries, asserts that they were a mere gratuity that he extended to a needy "member of the family." George gave plaintiff a check for $100 during 1964 and a check for $50 during 1967; he denies that these were payments on the loan and asserts that he felt a moral obligation to plaintiff, who was in financial distress.

In May of 1968, plaintiff made formal demand for repayment, and on August 27, 1968, she commenced this action to recover the unpaid portion of the loans.

Respondents assert that this action which was commenced five and a half years after the loans, is barred by the four-year limitation period in Sec. 78–12–25(1), U.C.A., 1953.

A cause of action or right of action arises the moment an action may be maintained to enforce it, and the statute of limitations is then set in motion.[1] Ordinarily, a cause of action for a debt begins to run when the debt is due and payable because at that time an action can be maintained to enforce it.[2]

According to plaintiff's version of the contract it was the intention of the parties that repayment was to be in the future. Respondents emphasized that plaintiff in her deposition states in one place that repayment was to be in five or six years and

1. Last Chance Ranch Co. v. Erickson, 82 Utah 475, 493, 25 P.2d 952 (1933).

2. State Tax Commission v. Spanish Fork, 99 Utah 177, 182, 100 P.2d 575, 131 A.L.R. 816 (1940).

in another that it would be three, four, or five years; respondents therefore conclude that there is no way to determine when repayment was to be made.

In Grayson v. Crawford,[3] the court stated that a reasonable time for performance is allowed, when the evidence indicates that the cause of action did not accrue at the time the money was loaned, and the parties, although they did not fix a definite date, intended that payment was to be made at a future time. Under such circumstances, the statute of limitations does not begin to run until a reasonable time has elapsed. What is a reasonable time is a question to be determined from consideration of all the facts and circumstances in the case in which the question arises. The Grayson case bears strong similarities to the instant action; the plaintiff, an orphan, upon attaining her majority, loaned money to her aunt, who had been as a mother to plaintiff. The court emphasized the nature of the transaction and the close familial relationship of the parties in its determination that a period of ten years was not unreasonable and therefore plaintiff's claim was not barred by the statute of limitations.

■ In the instant action, plaintiff is entitled to a trial on the merits to determine if there were a loan, did the parties intend payment to be made at a future time, and if there were not a definite date established, what constitutes a reasonable time under the facts and circumstances?

■■ Respondents in their answer and brief further assert the Statute of Frauds as a defense in George's behalf, Sec. 25–5–4(2), U.C.A., 1953, which provides that a promise to answer for the debt, default or miscarriage of another must be in a writing subscribed by the party to be charged. In Sugar v. Miller,[4] this court held that in determining whether or not there is an original promise (not within the Statute of Frauds) or a collateral promise (within the Statute of Frauds) under a given set of facts, the intention of the parties governs. In most cases the question of intention is a question of fact for determination by the fact-finder, unless the relationship is so clear from the language used, the situation of the parties and the surrounding circumstances that there can be no reasonable dispute. In the instant action, the trier-of-fact should determine whether George's promise of repayment was original or collateral. This case is reversed and remanded for trial. Costs are awarded to appellant.

CROCKETT, C. J., TUCKETT and ELLETT, JJ., and MARCELLUS K. SNOW, District Judge, concur.

HENRIOD, J., does not participate herein.

---

3. 189 Okl. 546, 119 P.2d 42, 45–46 (1941).

4. 6 Utah 2d 433, 436–437, 315 P.2d 862 (1957).