671 P.2d 667

Said NASSAR and Nassar Y. Nassar,
Plaintiffs-Appellants,

v.

UTAH MORTGAGE & LOAN CORPO-
RATION, Defendant-Appellee,

and

Safeco Insurance Company,
Defendant-Appellant.

Nos. 7043, 7158.

Court of Appeals of New Mexico.

Oct. 13, 1983.

John P. Burton, Rodey, Dickason, Sloan, Akin & Robb, P.A., Santa Fe, for defendant-appellee Utah Mortgage Loan Corp.

J.E. Casados, Gallagher & Casados, Albuquerque, for defendant-appellant Safeco Insurance Co.

Edward Myers, Marchiondo & Berry, P.A., Albuquerque, for plaintiffs-appellants.

## OPINION

NEAL, Judge.

In this case we consider a standard mortgage clause in a fire insurance policy and the respective duties imposed by that clause on the parties in this suit. Safeco moved for summary judgment against the plaintiffs. This motion was denied. Utah Mortgage moved for summary judgment against the plaintiffs. This motion was granted and the plaintiffs appeal. Utah Mortgage also moved to dismiss Safeco's cross-claim for failure to state a claim. This motion was granted and Safeco appeals.

Said Nassar purchased a home in Albuquerque and took out a fire insurance policy with Safeco. This policy named Said Nassar as the insured and included a mortgage clause, which we will set out later in this opinion. The mortgagee was Utah Mortgage.

Said Nassar's brother, Nassar Nassar, rented the house until February 1981, when Nassar Nassar bought the house from Said Nassar. Nassar Nassar then attempted to notify Safeco and Utah Mortgage of the change in ownership. According to his deposition he called Safeco and the receptionist told him to call The Insurance Center, Safeco's agent in Albuquerque, from whom the policy was purchased. Nassar Nassar did so, but was told by the receptionist at The Insurance Center that he should call Utah Mortgage. Nassar said that he twice talked to a woman at Utah Mortgage who assured him everything was fine. In addition, Nassar Nassar's attorney wrote a letter to Utah Mortgage advising it of the change in ownership. Utah Mortgage has denied receiving this letter.

On May 5, 1981, Nassar Nassar attempted to burn counterfeit money in the fireplace. He placed the money in the fireplace with a little gasoline and lit it. The resulting explosion and fire severely damaged the house. It cost $19,971.88 to repair the house, which the plaintiffs paid.

The plaintiffs then filed this suit, based on the policy, to recover that amount against Safeco. They also named Utah Mortgage as a defendant. Their theory against Utah Mortgage was that Utah Mortgage had a duty to notify Safeco of the change in ownership and therefore, if Safeco did not have to pay because it had no notice of the change in ownership, Utah Mortgage would be liable. Safeco filed a cross-claim against Utah Mortgage. Safeco's theory was that Utah Mortgage had a duty to notify it of the change of ownership and having failed to do so should indemnify Safeco if Safeco had to pay the plaintiffs.

The plaintiffs and Safeco contend that the mortgage clause obligates Utah Mortgage to notify Safeco of any change in ownership. The mortgage clause states:

7. **Mortgage Clause:** Not applicable in Massachusetts and Minnesota (applies to building items only and is effective only when policy is made payable to a named mortgagee or trustee).

Loss, if any, under this policy, shall be payable to the aforesaid as mortgagee (or trustee) as interest may appear under all present or future mortgages upon the property herein described in which the

aforesaid may have an interest as mortgagee (or trustee) in order of precedence of said mortgages, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title of ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy the mortgagee (or trustee) shall, on demand pay the same.

Provided, also, that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof, otherwise this policy shall be null and void.

This Company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for 10 days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this Company shall have the right, on like notice, to cancel this agreement.

Whenever the Company shall pay the mortgagee (or trustee) any sum for loss under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of said mortgagee's (or trustee's) claim.

Generally, there are two types of mortgage clauses. One is the loss-payable or open mortgage clause. The other is the union or standard mortgage clause.

The ordinary mortgage or loss-payable clause merely provides in effect that the proceeds of the policy shall be paid first to the mortgagee as his interest may appear; but the so-called "standard" or "union" mortgage clause is somewhat more specific, in that it also provides that the mortgagee shall be protected against loss from any act or neglect of the mortgagor or owner, so that it shall not defeat the insurance so far as the interest of the mortgagee is concerned.

10A *Couch on Insurance* 2d § 42:682 (Rev. ed. 1982). *See also Fulwiler v. Traders & General Insurance Company,* 59 N.M. 366, 285 P.2d 140 (1955).

Because the mortgage clause here provides that "this insurance, as to the interest of the mortgagee (or trustee) * * * shall not be invalidated by any act or neglect of the mortgagor or owner" it is a standard mortgage clause.

### 1. *The plaintiffs' appeal.*

The plaintiffs contend that summary judgment for Utah Mortgage was incorrect. Summary judgment is proper only when there are no triable issues of fact and the moving party is entitled to judgment as a matter of law. NMSA 1978, Civ.P.R. 56(c) (Repl.Pamp.1980); *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972).

The plaintiffs, relying on the mortgage clause, argue that Utah Mortgage had a duty to notify Safeco of the change in ownership. The trial court granted Utah Mortgage's motion for summary judgment holding that the mortgage clause would require Utah Mortgage to give notice before it could recover, but that under the clause Utah Mortgage was under no duty to do

anything on behalf of the mortgagor-plaintiffs. We agree.

■ A standard mortgage clause "operates as a distinct and separate contract" between the insurer and the mortgagee. 10A Couch, § 42:683; *See also* 43 Am. Jur.2d, *Insurance,* § 1045 (1982). "The purpose of the mortgagee clause is to protect the mortgagee's interest, and this interest continues until the mortgage is paid." 10A Couch, at § 42:684.

The mortgage clause here states that it deals exclusively with the rights between the mortgagee and the insurance company. It states that it is not applicable unless there is a named mortgagee or trustee. It states that loss shall be payable to "the aforesaid as mortgagee" and describes the disposition of proceeds. It further states that if the insurance company cancels the policy, the policy shall continue in force "for the benefit only of the mortgagee" for ten days after notice to the mortgagee. The mortgage clause does not define the rights and duties between the mortgagor and the mortgagee. Any mention of the mortgagor is limited to how acts of the mortgagor shall affect the rights between the mortgagee and the insurance company.

The rights and duties between the mortgagor and the mortgagee are found not in the mortgage clause, but in the remainder of the policy. The plaintiffs have not cited us to anything in the remainder of the policy which would create a duty on the part of Utah Mortgage to notify Safeco of a change in ownership, nor have they cited us to any statute or case which would support their position.

■ As stated in 10A Couch, § 42:687:

A mortgagee in possession of an insurance policy procured by the mortgagor for the benefit of the mortgagee, loss being payable to him as his interest might appear, is under no duty to see that the mortgagor does not by his own act render the policy void * * *.

We hold this rule applies where, as here, a mortgagor contends that the mortgagee should have protected him by notifying the insurance company of a change in ownership.

■ The standard mortgage clause (also known as a union mortgage clause) is an independent and separate contract between the mortgagee and the insurance company. "The union mortgage clause does not extend the rights of a mortgagor, and in the event of a forfeiture as to him he can obtain no benefit under the policy." 43 Am.Jur.2d, *Insurance,* § 1045 (1982).

Safeco unsuccessfully moved for summary judgment against the plaintiffs. Because Safeco's motion for summary judgment was denied, the plaintiffs will have an opportunity to prove that Safeco had notice of the change in ownership, or that such notice was unnecessary. If the plaintiffs fail to recover they, and not Utah Mortgage, must bear the consequences. As a matter of law the standard mortgage clause does not require Utah Mortgage, on behalf of the plaintiffs, to notify Safeco of a change in ownership. Summary judgment for Utah Mortgage against the plaintiffs was correct.

■ The plaintiffs also contend that they may bring an action against Utah Mortgage based on fiduciary duty and a third-party beneficiary contract theory. These arguments were not raised in the trial court and we do not consider them. *Batchelor v. Charley,* 74 N.M. 717, 398 P.2d 49 (1965).

*2. Safeco's cross-claim.*

■ Safeco's cross-claim was dismissed for failure to state a claim. This is proper only when the plaintiff is not entitled to relief under any statement of facts provable under the claim. *Buhler v. Marrujo,* 86 N.M. 399, 524 P.2d 1015 (Ct.App.1974). On appeal we assume the truth of all well-pleaded facts. *Gomez v. Board of Ed. of Dulce Ind. Sch. Dist. No. 21,* 85 N.M. 708, 516 P.2d 679 (1973).

Safeco's theory is that the mortgage clause requires Utah Mortgage to notify it of any change in ownership. Safeco argues that notification would have allowed it to cancel the policy and, if it has to pay, then

Utah Mortgage should indemnify it. The trial court granted Utah Mortgage's motion to dismiss for failure to state a claim on the basis that Utah Mortgage would be required to give notice of change of ownership only if Utah Mortgage sought recovery. We agree.

Safeco relies on this language: "Provided, also, that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee * * *." This language, however, must be read in conjunction with the remainder of the clause. The preceding paragraph describes the mortgagee's right to proceeds and states that "this insurance, as to the interest of the mortgagee ... shall not be invalidated * * * by any change in the title of ownership * * *." Qualifying language follows: "Provided, also, that the mortgagee * * * shall notify * * * of any change in ownership * * *." The clause, read as a whole, states that if Utah Mortgage failed to notify then it would lose its right to any proceeds.

10A Couch, § 42:735, is consistent with this.

> There is authority that the mortgagee is only protected by the standard mortgage clause as long as he had no knowledge of the mortgagor's default or other act constituting a breach of the mortgage contract, and that, conversely, knowledge of the mortgagee of such act or default, whether actual or constructive, *precludes protection of the mortgagee.*

> For example, it is held by his view that if the mortgagee knew of a breach of condition respecting sole and unconditional ownership at the time the policy was taken out the insurer may assert such breach *as a defense against him.* (Emphasis added.)

Where, as here, the mortgagee has failed to notify the insurance company of a change in ownership, the insurance company could assert that failure as a defense against the mortgagee when the mortgagee seeks to collect on the policy.

Safeco asks us to hold that such a failure would not only be a defense against the mortgagee, but would give rise to an action for damages against the mortgagee when the insured seeks to collect. This we are unwilling to do. Although there are cases in which the mortgagee has been denied payment under a mortgage clause because it failed to give notice, Safeco has not cited us to a single case, and we have been unable to find one which would allow Safeco to cross-claim against Utah Mortgage under the present circumstances.

Safeco argues that if we do not allow its cross-claim we will permit mortgagees to gamble with the insurance company's money. We disagree. If the insured does not notify Safeco, then Safeco may raise that failure as a defense against the insured.

Because Utah Mortgage had no duty to notify Safeco of any change in ownership, the summary judgment in favor of Utah Mortgage against the plaintiffs is affirmed. The dismissal of Safeco's cross-claim is also affirmed.

The plaintiffs and Safeco shall pay the costs of this appeal.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.