Wendell L. BUTCHER and Irene B. Butcher, Plaintiffs and Appellants,

v.

Frank K. GILROY and R.G.H., Inc., a Utah Corporation, Defendants and Respondents.

No. 860111–CA.

Court of Appeals of Utah.

Oct. 14, 1987.

Marcus G. Theodore, Salt Lake City, for plaintiffs and appellants.

James R. Holbrook, Steven E. Tyler, Russell C. Kearl, Greene, Callister & Nebeker, Salt Lake City, for defendants and respondents.

Before BILLINGS, GREENWOOD and JACKSON, JJ.

BILLINGS, Judge:

Wendell and Irene Butcher ("the Butchers") appeal from an order of the district court granting defendant Gilroy's ("Gilroy") motion to dismiss the Butchers' com-

plaint ruling that the action was barred by Utah Code Ann. § 78–12–23 (1987), the statute of limitations applicable to written instruments. We reverse and remand.

## FACTS

Because we are reviewing a dismissal pursuant to Rule 12(b)(6) of the Utah Rules of Civil Procedure, we accept as true the following well-pleaded facts in the Butchers' Amended Complaint. *See Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1320 (10th Cir.1977); *see also Donnelly Const. Co. v. Oberg*, 139 Ariz. 184, 677 P.2d 1292 (1984); *Nassar v. Utah Mortgage & Loan Corp.*, 100 N.M. 419, 671 P.2d 667 (1983).

In October 1972, the Butchers and Gilroy stipulated to the entry of a written settlement judgment. The agreement vested in Gilroy title to 33 acres of land surrounding Mountain Dell Golf Course. He was required to sell the property by April 1976, and the proceeds from the sale were to be apportioned between the parties as specified in the agreement.

Both parties attempted to sell the property, but were frustrated by various subdivision development changes and watershed questions. On March 8, 1982, Gilroy sold the 33 acres to R.G.H., Inc. without notifying the Butchers nor accounting to them for their share of the proceeds. The Butchers continued in their efforts to sell the property, periodically notifying Gilroy of their progress. Gilroy did not tell the Butchers that he had sold the property, but rather encouraged them in their efforts to secure a buyer, and assured them that he was also continuing to attempt to secure a buyer. After discovering Gilroy's sale, the Butchers brought an action against Gilroy and R.G.H., Inc. on March 26, 1984,[1] seeking an accounting and their share of the

proceeds under the terms of the stipulated settlement agreement.

The district court dismissed the action against Gilroy ruling that the Butchers' claims were barred by Utah Code Ann. § 78–12–23 (1987), the six-year statute of limitations applicable to written instruments. This appeal ensued.

Several issues are presented on appeal. First, was the Butchers' claims against Gilroy barred under Utah Code Ann. § 78–12–23 (1987), the six-year statute of limitations applicable to written instruments? Second, did Gilroy's sale of the property to R.G.H., Inc. in March 1982 constitute a "payment" under the settlement agreement within the meaning of Utah Code Ann. § 78–12–44 (1987), thus providing the Butchers an additional six years within which to commence this action? Third, is Gilroy precluded from raising the statute of limitations defense because of his concealment of the sale to R.G.H., Inc., and his misleading conduct and representations, encouraging the Butchers to continue their efforts to secure a buyer? Fourth, does Gilroy's claimed absence from the state toll the statute of limitations?

### I.

### *UTAH CODE ANN. § 78–12–23 (1987)*

The first issue we address is whether the Butchers' claims based on the written settlement agreement are barred by Utah Code Ann. § 78–12–23 (1987), the six-year statute of limitations.

■■■ Settlement agreements are governed by the rules applied to general contract actions, including matters such as the statute of limitations. *See Kershaw v. Pierce Cattle Co.*, 87 Idaho 323, 326, 393 P.2d 31, 34 (1964); *Thomas v. Gordon*, 285 S.W.2d 829, 831 (Texas 1955).[2]

1. The dismissal of R.G.H., Inc. has not been raised on appeal.

2. An agreement of compromise and settlement in a legal dispute constitutes an executory accord. *L & A Drywall, Inc. v. Whitmore Const. Co., Inc.*, 608 P.2d 626, 629 (Utah 1980). As such, a party has the option of seeking to enforce the settlement agreement, or regarding the agreement as rescinded and moving against the

other party on the underlying claim as a result of the breach. *Id.* The Butchers, in the present action, clearly sought to enforce the written settlement agreement. The Butchers, in their Amended Complaint, prayed for "judgment to be entered against Frank Gilroy for the amounts due and owing plaintiffs under the stipulated agreement."

The general rule in Utah is that the statute of limitations begins to run at the moment a cause of action accrues. *Fredericksen v. Knight Land Corp.*, 667 P.2d 34, 36 (Utah 1983). In a breach of contract action the statute of limitations ordinarily begins to run when the breach occurs. *Id.* (citing *M.H. Walker Realty Co. v. American Surety Co.*, 60 Utah 2d 435, 211 P. 998 (1922)). "Ordinarily, a cause of action for a debt begins to run when the debt is due and payable because at that time an action can be maintained to enforce it." *Id.* (quoting *O'Hair v. Kounalis*, 23 Utah 2d 355, 357, 463 P.2d 799, 800 (1970)).

◼ Under the settlement agreement, Gilroy was to have sold the property and distributed the proceeds by April 1976. Therefore, the Butchers' cause of action accrued when April 1976 passed and Gilroy had not sold the property. Consequently, under section 78–12–23, the Butchers had six years, or until April 1982, within which to commence this action. The Butchers did not commence their action until March 1984, two years beyond the requisite period. Thus, the trial court correctly determined that the Butchers' cause of action against Gilroy would ordinarily be barred by the six-year statute of limitations.

## II.

*UTAH CODE ANN. § 78–12–44 (1987)*

◼ The Butchers, however, argue that the six-year statute of limitations was tolled by R.G.H., Inc.'s purchase of the land from Gilroy under Utah Code Ann. § 78–12–44 (1987), and/or Gilroy's purported absence from the state. We can easily dispose of the Butchers' contention that the statute of limitations was tolled by Gilroy's alleged absence from the state as the Butchers pled no facts in support of this contention.

The Butchers' contention that the six-year statute of limitations was tolled by Utah Code Ann. § 78–12–44 (1987) demands further analysis. The Butchers argue that if Gilroy received payment of any part of the principal or interest on the land which is the subject of the settlement agreement, the statute of limitations runs from the date of this payment. Section 78–12–44 provides:

> In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, *an action may be brought within the period prescribed for the same after such payment,* acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby. When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense.

Utah Code Ann. § 78–12–44 (1987) (emphasis added). Therefore, if we find section 78–12–44 applicable, the Butchers would have had an additional six years from March 1982, when Gilroy accepted payment from R.G.H., Inc., to bring this action.

The question we must address is whether Gilroy's sale of the property to R.G.H., Inc. in March 1982 constituted a "payment" under the settlement agreement within the meaning of section 78–12–44. Utah Code Ann. § 78–12–44 (1987).

The Utah Supreme Court interpreted the predecessor to section 78–12–44 in *Holloway v. Wetzel*, 86 Utah 387, 45 P.2d 565 (1935), explaining that the payment must be a reaffirmation of the debt due:

> [T]he payment must be made by the party to be affected thereby, or by an agent authorized for that express purpose. In the contemplation of the statute, *the part payment of the debt is regarded as evidence of a willingness and obligation to pay the residue, as conclusive as would be a personal written promise to that effect.* It could not, then, have been intended to give this effect to payments other than those made by the party himself, or under his immediate direction. Surely nothing short of this would warrant the assumption of a willingness to pay equal to his written promise to that effect.

*Id.* at 391–92, 45 P.2d at 568 (emphasis added) (citation omitted). *Accord Mobile Discount Corp. v. Price*, 99 Nev. 19, 656 P.2d 851, 853 (1983); *Jarnagin v. Ditus*, 198 Kan. 413, 424 P.2d 265, 270 (1967).

Under *Holloway*, section 78–12–44 extends the six-year statute of limitations only if: (1) partial payment of either principal or interest due under the settlement agreement was made (2) by the debtor/obligor of the settlement agreement (Gilroy) (or by a third party at Gilroy's direction), and (3) the payment was made to the creditor (the Butchers) under the settlement agreement. R.G.H., Inc.'s payment to Gilroy for the property arose from the sale of the property from Gilroy to R.G.H., Inc., not out of the settlment agreement between the Butchers and Gilroy. We cannot infer that R.G.H., Inc.'s payment to Gilroy in any way renewed Gilroy's promise to pay the Butchers or acknowledged any obligation on his part to pay the Butchers their share of the proceeds. Therefore, we find that the trial court correctly concluded that section 78–12–44 was not applicable to this case.

### III.

### *IS GILROY PRECLUDED FROM RELYING ON THE STATUTE OF LIMITATIONS?*

█ Although section 78–12–44 did not toll the six-year statute of limitations in this case, there are other exceptions to the general rule that a cause of action accrues upon the happening of the last event necessary to complete the cause of action. *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981). For example, in some circumstances, where the statute of limitations would normally bar a claim, proof of concealment or misleading by the defendant precludes the defendant from raising the statute of limitations defense. *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981); *Vincent v. Salt Lake County*, 583 P.2d 105 (Utah 1978); *Rice v. Granite School District*, 23 Utah 2d 22, 456 P.2d 159 (1969). This theory is alluded to by the Butchers in their Complaint:

[The Butchers] continued to attempt to sell the property and periodically notified [Gilroy] of their progress in this regard. [Gilroy] at no time notified [the Butchers] that he had sold the property, and continued to encourage [the Butchers] in their efforts to find a buyer and acquire the necessary building permits from Salt Lake City. Based upon [Gilroy's] representations and assurances that he was also trying to perform the contract, [the Butchers] continued to attempt to sell the property and work with the city to obtain permits for the property.

The Butchers may have reasonably relied to their detriment on Gilroy's false representations regarding the circumstances surrounding the sale transaction and his performance under the settlement agreement. The Butchers claim Gilroy concealed the sale transaction and misled them into believing that he was still searching for a buyer and intended to honor the settlement agreement. Had the Butchers known of the sale of the property in March 1982, the Butchers could have sued under the settlement agreement before their cause of action was barred by the six-year statute of limitations. The Butchers plead facts which, if proved, could have precluded Gilroy from raising the statute of limitations defense under the exception articulated in *Meyers*.

Therefore, we reverse the trial court's determination that the Butchers' claims were barred by section 78–12–23 and remand for further factual development consistent with this opinion.

Reversed and remanded. Costs to the Butchers.

GREENWOOD and JACKSON, JJ., concur.